**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| TORY M. STARK,<br>        Appellant, | DOCKET NUMBER<br>PH-0752-23-0165-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY,<br>        Agency. | DATE: December 20, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Tory M. Stark, China, Maine, pro se.

Alexander R. Willette and Alvah J. Chalifour, Jr., Augusta, Maine, for the
  agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which
dismissed his removal appeal for lack of jurisdiction or, alternatively, as untimely
filed without good cause shown. Generally, we grant petitions such as this one
only in the following circumstances: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We VACATE the administrative judge's finding that the Board lacks jurisdiction over the appeal, but we AFFIRM the administrative judge's alternative finding regarding timeliness. We DISMISS the initial appeal as untimely filed.[2]

Generally, an appeal must be filed with the Board no later than 30 days after the effective date of the agency's adverse action, or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later. 5 C.F.R. § 1201.22(b)(1). If an appellant submits an appeal outside of the applicable timeframe, the administrative judge will provide him with an opportunity to show

---

[2] The agency's response to the appellant's petition for review was due November 3, 2023; however, it did not file a response until November 28, 2023. Petition for Review (PFR) File, Tab 5, Tab 7 at 1. Both before and after its submission, the agency filed a request for an extension of time, and, later, a motion to accept its filing as timely filed or to waive the time limit. PFR File, Tabs 4, 8. Both pleadings explain the circumstances surrounding the agency's delay, namely, the Board's implementation of the new e-Appeal system and counsel's multiple unsuccessful attempts to register as an e-filer. PFR File, Tabs 4, 8. In recognition of this effort, the appellant requested that the Board "deem [the agency's] filing as timely and consider waiving or modifying the deadline for their submission accordingly." PFR File, Tab 9 at 3. Given the technical complications experienced by e-Appeal users during this critical time, along with the appellant's acquiescence, we grant the agency's motion and waive the filing deadline for its response to the appellant's petition for review. As such, we have considered that response here.

why the appeal should not be dismissed as untimely. 5 C.F.R. § 1201.22(c). The appellant bears the burden of proof on the timeliness issue. 5 C.F.R. § 1201.56(a)(2)(ii).

In the initial decision, the administrative judge correctly explained that the appellant filed his appeal approximately 268 days after his removal became effective on June 13, 2022. Initial Decision (ID) at 7; Initial Appeal File (IAF), Tab 1, Tab 5 at 29. The appellant does not dispute that the appeal was untimely filed; the issue here is whether good cause exists.

To establish good cause for the untimely filing of an appeal, an appellant must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence or circumstances beyond his control that affected his ability to comply with the time limits, or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his appeal. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

In the initial decision, the administrative judge observed that the appellant's appeal was untimely filed by approximately 8 months and that he was made aware of his appeal rights several times. ID at 7. The administrative judge also acknowledged the appellant's argument that he was so distraught over the series of events leading up to and immediately after his removal that he was unable to file a timely appeal. *Id.* However, he concluded that the appellant's general claims that he was "distraught and anxious and suffering from marital discord do not establish good cause for such a lengthy delay." *Id.* The administrative judge also acknowledged that the appellant submitted medical documentation concerning his anxiety and depression but concluded that it did

not explain how his anxiety and depression prevented him from timely filing an appeal. ID at 7-8. Finally, the administrative judge considered the appellant's explanation that he was waiting for the agency's review board's decision, but he reasoned that the appellant's actions in that regard "all highlight the fact that the appellant was more than capable of filing a Board appeal." ID at 8. Accordingly, he found that, in the alternative, the appeal should be dismissed as untimely filed without good cause shown.

On review, the appellant argues that the administrative judge "underestimated" the gravity of his depression. Petition for Review (PFR) File, Tab 1 at 5. Although we are sympathetic to the appellant's situation, he has still not explained how, or submitted evidence demonstrating that, his mental health condition precluded him from filing a timely appeal. *See Braxton v. Department of the Treasury*, 119 M.S.P.R. 157, ¶ 7 (2013) (stating that an appellant must, among other things, explain how the illness prevented him from timely filing his appeal or a request for an extension of time to establish good cause for failure to file on time due to an illness); *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998) (explaining that the Board will find good cause to waive a filing limit when a party shows that he suffered from an illness that affected his ability to file on time). For instance, the appellant has not shown that he was unable to comprehend the filing deadline or otherwise unable to focus due to his mental condition. To the contrary, and as noted by the administrative judge, in the time following his removal but before he filed his appeal, the appellant appears to have been actively involved in the process concerning agency review of the AR 16-5 investigation. IAF, Tab 6 at 6, 8-14, Tab 9 at 12. He has not explained why his mental health condition or, as also argued on review, the agency's "deceptive behavior," PFR File, Tab 1 at 5, hindered his ability to timely file an appeal but otherwise did not interfere with his ability to engage with the agency.

Accordingly, we dismiss the appeal as untimely. We need not reach the issue of jurisdiction, and therefore we vacate the administrative judge's finding that the Board lacks jurisdiction over the appeal.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Boards final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.